THEODORA R. LEE, Bar No. 129892
tlee@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

ANGELA J. RAFOTH, Bar No. 241966
arafoth@littler.com
COURTNEY M. OSBORN, Bar No. 312011
cosborn@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
SEALY, INC. and SEALY MATTRESS
MANUFACTURING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SARMIENTO and JUAN CHAVEZ, on behalf of themselves and all others similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SEALY, INC. and SEALY MATTRESS MANUFACTURING COMPANY, LLC.,<br><br>Defendants. | Case No. 3:18-cv-01990-JST<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JUDGE JON S. TIGAR<br><br>**DEFENDANTS' NOTICE OF MOTION AND SECOND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.C.P. 12(C)]**<br><br>Date: May 16, 2019<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br><br>Complaint Filed: March 31, 2018 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS

CASE NO. 3:18-CV-01990-JST

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on May 16, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 9, 19th Floor, of the above-entitled Court located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendants SEALY, INC. and SEALY MATTRESS MANUFACTURING COMPANY, LLC ("Defendants") will move this court for an order granting judgment on the pleadings under Federal Rule of Civil Procedure, Rule 12(c) and dismissing with prejudice Plaintiffs' First Cause of Action.

Defendants bring this motion on the grounds that Plaintiffs' claim is preempted by the Labor Management Relations Act.

This motion is based on this Notice of Motion and the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice, with exhibits, filed herewith, the pleadings and records on file with this Court and on such other evidence as may be presented at hearing on this matter.

Dated: April 4, 2019

*/s/ Courtney M. Osborn*
THEODORA R. LEE
ANGELA J. RAFOTH
COURTNEY M. OSBORN
LITTLER MENDELSON, P.C.

Attorneys for Defendants
SEALY, INC. and SEALY MATTRESS MANUFACTURING COMPANY, LLC

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

MOTION FOR JUDGMENT ON THE PLEADINGS    2.    CASE NO. 3:18-CV-01990-JST

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 1

III. SUMMARY OF RELEVANT FACTS AND PROCEDURE............................................... 1

IV. LEGAL ARGUMENT .......................................................................................................... 2

    A. Judgment On The Pleadings Is Appropriate Because Plaintiffs' Overtime Claim Is Preempted By Federal Law. .......................................................... 2

    B. Section 301 Preempts Plaintiffs' Claims For Failure To Pay Overtime (First Cause Of Action) Because Plaintiffs' Right To Overtime Exists Because Of The Collective Bargaining Agreement And Plaintiffs Are Paid More Than Thirty Percent Above The State Minimum Wage. ....................................... 3

        1. Section 301 Completely Displaces State-Law Claims to Enforce Rights Created by a CBA............................................................................ 3

        2. Plaintiff's Claim For Overtime Is Predicated On the CBA Under Labor Code Section 514, And Is Therefore Preempted. ............................................ 4

    C. Plaintiffs' Claims For Failure To Pay Overtime Should Be Dismissed Under DelCostello .......................................................................................................... 6

V. CONCLUSION..................................................................................................................... 8

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                    i.                    CASE NO. 3:18-CV-01990-JST

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balcorta v. Twentieth Century-Fox Film Corp.*,
   208 F.3d 1102 (9th Cir. 2000) ................................................................................................4

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*,
   637 F3d 1047 (9th Cir. 2011) .................................................................................................2

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) ................................................................................................................3

*Curtis v. Irwin Industries, Inc.*,
   913 F.3d 1146 (9th Cir. January 2019) ........................................................................1, 3, 4, 5

*DelCostello v. International Broth. of Teamsters*,
   462 U.S. 151 (1983) .........................................................................................................3, 6, 7

*Eason v. Waste Management of Alameda County*,
   2007 WL 2255231 (N.D. Cal. Aug. 3, 2007) .........................................................................6

*Fleming v. Pickard*,
   581 F.3d 922 (9th Cir. 2009) ..................................................................................................2

*Garvey v. Roberts*,
   203 F.3d 580 (9th Cir. 2000) ..................................................................................................3

*Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971*,
   60 F.3d 1375 (9th Cir.1995) ...................................................................................................4

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
   832 F.3d 1024 (9th Cir. 2016) ................................................................................................4

*Kroeger v. L3 Techs., Inc.*,
   2018 WL 1357363 (C.D. Cal. Mar. 15, 2018) ........................................................................4

*Lingle v. Magic Chef, Norge Division*,
   486 U.S. 399 (1988) ................................................................................................................2

*McCray v. Marriott Hotel Services, Inc.*,
   902 F.3d 1005 (9th Cir. 2018) ................................................................................................3

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
   522 F.3d 1049 (9th Cir. 2008) ................................................................................................2

*Smith v. Evening News Ass'n*,
   371 U.S. 195 (1962) ................................................................................................................3

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                                              ii.                    CASE NO. 3:18-CV-01990-JST

*Soremekun v. Thrifty Payless, Inc.*,
   509 F.3d 978 (9th Cir. 2007) ...........................................................................................6

*Stallcop v. Kaiser Foundation Hospitals*,
   820 F.2d 1044 (9th Cir. 1987) .........................................................................................2

*Stanley v. Trustees of Cal. State Univ.*,
   433 F.3d 1129 (9th Cir. 2006) .........................................................................................2

*Truex v. Garrett Freightlines, Inc.*,
   748 F.2d 1347 (9th Cir. 1986) .........................................................................................6

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ...........................................................................................3

*Vaca v. Sipes*,
   386 U.S. 171 (1967) .........................................................................................................6

**Statutes**

29 U.S.C § 160(b) ....................................................................................................................7

29 U.S.C. § 185(a) ...................................................................................................................3

Cal. Lab. Code § 510 .......................................................................................................4, 5, 6

Cal. Lab. Code § 514 .......................................................................................................3, 4, 5

Labor Management Relations Act § 301 ........................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................2

Federal Rule of Civil Procedure 12(c) ................................................................................1, 2

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                              iii.                    CASE NO.  3:18-CV-01990-JST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Jesus Sarmiento ("Sarmiento") and Juan Chavez ("Chavez") (together "Plaintiffs") assert a claim for "Failure to Pay Overtime" (First Cause of Action) that is subject to dismissal as a matter of law, as it is preempted by federal labor law. Plaintiffs were each employed by Sealy, Inc. (Dkt. 1, Plaintiffs' Complaint ("Compl."), ¶¶ 8, 9.) A Collective Bargaining Agreement ("CBA") governed the terms of Plaintiffs' employment, which included a provision providing for premium wage rates to be paid for all overtime hours worked. (Defendants' Request for Judicial Notice ("RJN"), **Ex. A**. CBA 2014-2017, page 4.) As held by the Ninth Circuit in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. January 2019), Plaintiffs' First Cause of Action is preempted by Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301") because their right to overtime exists because of the CBA and, therefore, is subject to dismissal. Plaintiffs have not and cannot allege satisfaction of the exhaustion requirements to state a claim under Section 301.

For these reasons, Defendants are entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as the First Cause of Action.

## II.   STATEMENT OF ISSUES TO BE DECIDED

At issue before this Court is the following question:

(1)   Whether Plaintiffs' First Cause of Action is preempted by Section 301 of Labor Management Rights Act and subject to dismissal as a matter of law.

## III.   SUMMARY OF RELEVANT FACTS AND PROCEDURE

Plaintiffs were each employed by Defendant Sealy, Inc. at the mattress manufacturing plant in Richmond, California. (Dkt. 1, Compl., ¶¶ 8, 9.) Sealy, Inc. employed Plaintiff Sarmiento as a Loader, Tape Edger, or Sewer from approximately July 2015 through May 26, 2017. (Dkt. 1, Compl., ¶ 8.) Sealy employed Plaintiff Chavez as a Line Loader/Feeder from approximately December 2014 until June 7, 2017. (*Id*., at ¶ 9.) At all times during their employment, Plaintiffs were represented by the Communications Workers of America/International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers (the "Union") and covered by a CBA between

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                    1.                    CASE NO. 3:18-CV-01990-JST

1  Defendants and the Union. (RJN, **Ex. A**. CBA 2014-2017).  The terms of Plaintiffs' employment
2  were defined by the applicable CBA. *Id.*  Specifically, the CBA dictated the rates of pay employees
3  would receive for work performed, including an overtime provision that stated that premium wage
4  rates are to be paid for all overtime hours worked. (RJN, **Ex. A**, p. 4, § 3.04, p. iii, Appendix A.)

5      The CBA also provides a grievance procedure: "A grievance is defined as dispute or
6  difference of opinion between the Company and an employee … regarding the interpretation and
7  *application* by the Company of *any* of the provisions of this Agreement" and "The grievance and
8  arbitration procedure shall be the sole method of resolving such disputes or differences of opinion"
9  (*Id.*, **Ex. A**, p. 8-9, §§ 6.01, 6.02.) (emphasis added).  Grievances are to be processed within two
10 working days from the time of occurrence, except in cases of payroll differences in which the CBA
11 allows two working days from date of discovery. (*Id.,* **Exh. A**, p. 8-9, § 6.04.)

12 **IV.   LEGAL ARGUMENT**

13     **A.   Judgment On The Pleadings Is Appropriate Because Plaintiffs' Overtime Claim Is Preempted By Federal Law.**

15     Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"), a party may
16 move for judgment on the pleadings "[a]fter the pleadings are closed . . . but early enough not to
17 delay trial." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when, taking all allegations
18 in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v.*
19 *Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard*, 581
20 F.3d 922, 925 (9th Cir. 2009).  Because a motion for judgment on the pleadings is "functionally
21 identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is
22 essentially the same as for a Rule 12(b)(6) motion. *See Cafasso, U.S. ex rel. v. General Dynamics C4*
23 *Systems, Inc.,* 637 F3d 1047, 1054, fn. 4 (9th Cir. 2011), *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
24 522 F.3d 1049, 1052 n.1 (9th Cir. 2008).

25     Section 301 preempts all state law actions that require application or interpretation of a
26 collective bargaining agreement. *Lingle v. Magic Chef, Norge Division*, 486 U.S. 399, 409-410
27 (1988); *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir. 1987).  The Ninth
28 Circuit recently held that a claim for overtime pay is preempted by Section 301 where a collective

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                                    2.                           CASE NO. 3:18-CV-01990-JST

bargaining agreement meets the requirements of Section 514 of the California Labor Code, because the employees' right to overtime exists as a result of the collective bargaining agreement.[1] *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. January 2019); *see also Parker v. Cherne Contracting Corp.*, No. 18-cv-01912-HSG, 2019 WL 359989, at *2-3 (N.D. Cal. January 29, 2019) (citing *Curtis v. Irwin*, the court held that plaintiff's overtime claim is exempted where the CBA provides for premium wage rates for all overtime hours worked and a regular hourly rate of pay at least 30 percent higher than the minimum wage). Accordingly, Plaintiffs' overtime (and related derivative claims) are subject to dismissal based on preemption.

> **B.    Section 301 Preempts Plaintiffs' Claims For Failure To Pay Overtime (First Cause Of Action) Because Plaintiffs' Right To Overtime Exists Because Of The Collective Bargaining Agreement And Plaintiffs Are Paid More Than Thirty Percent Above The State Minimum Wage.**

Plaintiffs' First Cause of Action is governed by Section 301 of the federal Labor Management Relations Act ("Section 301"). Under *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163 (1983), in order to sustain a claim that Defendants' did not pay them wages required under the CBA, Plaintiffs must allege both that (i) Defendants breached the CBA and (ii) the Union breached its duty of fair representation. Because Plaintiffs failed to make these allegations – and cannot do so – their First Cause of Action should be dismissed without leave to amend.

> **1.    Section 301 Completely Displaces State-Law Claims to Enforce Rights Created by a CBA.**

Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization" are governed by federal substantive law. 29 U.S.C. § 185(a); *DelCostello*, 462 U.S. at 163 (1983). Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement.[2] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *McCray v. Marriott Hotel*

---

[1] Courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[2] Although Section 301 refers only to suits between employers and unions, the U.S. Supreme Court has also long held that suits involving collective bargaining agreements brought by individual

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                                3.                              CASE NO. 3:18-CV-01990-JST

*Services, Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (The Ninth Circuit's two-part test to analyze whether a claim is preempted by Section 301 involves, first, a determination as to "whether the asserted cause of action involves a right conferred by virtue of state law, not by a CBA, and if it is determined that the right "exists independently of the CBA," the analysis moves to asking whether the right "is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'").  State law causes of action for violation of a collective bargaining agreement—essentially breaches of contract claims— is entirely displaced by section 301." *See Herman v. United Bhd. of Carpenters & Joiners of Am.*, 60 F.3d 1375, 1380 n. 2 (9th Cir.1995).  *See also Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363 (C.D. Cal. Mar. 15, 2018), *citing Allis–Chalmers Corp. v. Luek*, 471 U.S. 202, 218(1985) ("[T]he right asserted ... derives from the [CBA]" and "is defined by [ ] contractual obligation ... any attempt to assess liability ... will involve [ ] interpretation).  "The preemptive force of section 301 is so powerful as to displace entirely ... any state claim whose outcome depends on analysis of the terms of the agreement." *Id.* (internal citations omitted); *see also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ("[T]o give the proper range to § 301's policies of promoting arbitration and the uniform interpretation of collective bargaining agreement provisions, § 301 'complete preemption' must be construed to cover 'most state-law actions that require interpretation of labor agreements.'").

### 2. Plaintiff's Claim For Overtime Is Predicated On the CBA Under Labor Code Section 514, And Is Therefore Preempted.

Plaintiffs' First Cause of Action (Violation of Labor Code § 510) alleges: "Defendants failed to pay Plaintiffs and other putative class members and aggrieved employees the overtime wages due and owing." (Compl. ¶ 46.)  The First Cause of Action is preempted by Section 301 because Plaintiffs' rights to overtime "exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1153-55

---

employees against their employers fall directly within the scope of Section 301. *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962); *see also Garvey v. Roberts*, 203 F.3d 580, 587 (9th Cir. 2000) ("individual employees can invoke Section 301 jurisdiction to assert their rights under an agreement between an employer and a labor organization"). "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim…." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT ON THE PLEADINGS       4.         CASE NO.  3:18-CV-01990-JST

(employee's state law overtime claim alleging that employer did not pay him required overtime rates for 12 hours he spent off-duty was preempted by LMRA, since right to overtime existed solely as result of collective bargaining agreement); *Parker*, 2019 WL 359989, at *2-3; *see also Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 107 (2014) (court affirmed pre-certification summary judgment for the employer because the named plaintiff's Section 510 overtime claim was barred by Section 514); *Flowers v. Los Angeles County Metropolitan Transportation Authority*, 243 Cal. App. 4th 66, 85 (2015) (affirming pre-certification grant of demurrer, without leave to amend, against Section 510 overtime, in light of Section 514 and collective bargaining agreement).[3]  In *Curtis*, the plaintiff alleged that his employer violated California Labor Code § 510 by failing pay overtime, and the court held plaintiff's claim was preempted by Section 301 of the Labor Management Rights Act. In finding the plaintiff's overtime claim was preempted, the court concluded that the applicable collective bargaining agreements "expressly provide for 'the wages, hours of work, and working conditions of the employees, and ... premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage,' as required by section 514." *Id.* at 1154.  Section 514 of the California Labor Code states:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514

Based on an analysis of Section 510 and Section 514, the court held the "default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Id.* at 1153-54.  And, therefore, because the plaintiff's collective bargaining agreement met the requirements of Section 514, plaintiff's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Id.* at 1155 (citing *Kobold*, 832 F.3d at 1032).

---

[3] The Ninth Circuit cited both *Vranish* and *Flowers* in its decision and concluded that under the reasoning of those cases the Plaintiff's overtime claim was preempted. *Curtis*, 913 F.3d at 1155.

1	Similarly, Plaintiffs' right to overtime as alleged in this case exists because of the CBA, and
2	the CBA meets the requirements of Section 514; therefore, the First Cause of Action is preempted
3	under Section 301. *Curtis*, 913 F.3d at 1155.  The CBA has express provisions controlling payment
4	of overtime wages:

> All work done on Saturday, or in excess of eight (8) hours in any day, and in excess of forty (40) hours in any one week, and any time worked before the regular starting time and after the regular stopping time, shall be paid at the rate of time and one-half.  All work in excess of twelve (12) hours in any day, shall be paid at double time in accordance with California state law.

(RJN, **Ex. A**, p. 4, § 3.04.)

The CBA also provides for wage rates that are more than 30% above the state minimum wage. (*Id.*, at p. iii, Appendix A.)  The lowest wage rates in the CBA were:

| May 1, 2014 – April 30, 2015 | May 1, 2015 - April, 30, 2016 | May 1, 2016 – April 30, 2017 |
|---|---|---|
| $16.70 | $16.90 | $17.30 |

The state minimum wage for 2014-2017 was $9.00, $10.00, and $10.50, respectfully. Cal. Lab. Code § 1182.12.

Accordingly, Plaintiffs' claims based on Labor Code § 510 is preempted by Section 301.

**C.   Plaintiffs' Claims For Failure To Pay Overtime Should Be Dismissed Under *DelCostello***

Given that Plaintiffs' First Cause of Action is preempted, this claim must be dismissed unless Plaintiffs can state a federal claim under Section 301.  To bring such a claim, however, a union-represented employee must first attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Truex v. Garrett Freightlines, Inc.,* 748 F.2d 1347, 1352 (9th Cir. 1986).  "Subject to very limited judicial review, [the employee] will be bound by the result according to the finality provisions of the agreement." *DelCostello*, 462 U.S. at 164 (1983); *see also Vaca*, 386 U.S. at 181-83.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

SECOND MOTION FOR JUDGMENT ON THE PLEADINGS        6.        CASE NO.  3:18-CV-01990-JST

A plaintiff may avoid the finality of the contractual grievance procedure and the contractual remedies provided by the CBA only "when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* Under such circumstances, an employee may bring a "hybrid" lawsuit under Section 301. *DelCostello*, 462 U.S. at 169-70 (alleging that the employer breached the CBA and alleging that the union breached its duty of fair representation <u>within six months</u> of the end of the contractual grievance process). *See also Eason v. Waste Management of Alameda County*, 2007 WL 2255231, at *5 (N.D. Cal. Aug. 3, 2007) (*citing DelCostello*, 462 U.S. at 165); *accord Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 988-89 (9th Cir. 2007) (collecting cases in support of proposition that employee must allege breach of duty of fair representation by union to maintain action governed by Section 301 against employer). Here, Plaintiffs failed to plead any facts (nor can they) showing that they exhausted the contractual remedies provided by the CBA. Thus, they have not alleged facts to support a Section 301 claim in lieu of their preempted causes of action. Moreover, permitting leave to amend to cure this pleading deficiency would be futile.

Plaintiffs will be unable to allege that they exhausted their grievance remedies over their overtime claims. The time frame for Plaintiffs' to bring a grievance for their claims that Defendants' failed to pay the correct wage rate in accordance with the CBA has passed, and no such grievance was filed. According to the Grievance and Arbitration Procedure set forth in the CBA: "The Company shall not be required to consider further any grievance not submitted properly within the time limits specified in the following steps… By conference between the aggrieved employee, the Steward, and the supervisor involved within two (2) working days from the time of occurrence (except in cases of payroll differences - *two (2) working days from date of discovery*)." (RJN, **Ex. A**, p. 8-9, § 6.04.)

Moreover, Plaintiffs failed to plead a duty of fair representation claim against the Union – a necessary prerequisite for pursuit of a Section 301 preempted claim in federal court. *Scott*, 827 F.2d at 592-539 (citing *Vaca*, 386 U.S. at 181-83). Plaintiffs do not allege, in any forum, that the Union breached its duty of fair representation and the requisite time limits for Plaintiffs to bring a charge of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                    7.                    CASE NO. 3:18-CV-01990-JST

unfair representation have passed.[4]  *See DelCostello*, 462 U.S. at 155 (six month statute of limitations set forth in 29 U.S.C § 160(b) applies to § 301 claims).

Accordingly, Plaintiffs cannot state a proper cause of action under Section 301 of the LMRA and their First Cause of Action must be dismissed without leave to amend.

## V.     CONCLUSION

Plaintiffs' First Cause of Action for failure to pay overtime is a claim that involves rights deriving from the Collective Bargaining Agreement between Defendants and Plaintiffs' Union.  As a result, these claims are preempted under Section 301 of the Labor Management Relations Act. Accordingly, and for all the foregoing reasons, Defendants are entitled to judgment on the pleadings as to the First Cause of Action in Plaintiffs' Complaint.

Dated:  April 4, 2019

*/s/ Courtney M. Osborn*
THEODORA R. LEE
ANGELA J. RAFOTH
COURTNEY M. OSBORN
LITTLER MENDELSON, P.C.

Attorneys for Defendants
SEALY, INC. and SEALY MATTRESS MANUFACTURING COMPANY, LLC

FIRMWIDE:163276851.2 097935.1001

---

[4] Again, Plaintiffs cannot bring a claim for breach of duty of fair representation against their Union for their overtime claims as the requisite time to do so under the CBA have passed.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SECOND MOTION FOR JUDGMENT
ON THE PLEADINGS                     8.                    CASE NO. 3:18-CV-01990-JST